# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

———————————

MAYELA GONZALEZ ANTUNEZ,

                Defendant-Appellant,

v.                                             No. 23-mj-01312-KWR

UNITED STATES OF AMERICA,

                Plaintiff-Appellee.

## OPINION AND ORDER DENYING DEFENDANT'S APPEAL OF DENIAL OF MOTION TO DISMISS

THIS MATTER comes before the Court on Defendant-Appellant Mayela Gonzalez Antunez's appeal of the magistrate judge's denial of Defendant's motion to dismiss, Doc. 34. After reviewing the briefings and the relevant law, the Court affirms the denial of Defendant's motion to dismiss, Doc. 24.

## BACKGROUND

On August 21, 2023, Defendant Antunez was charged by information with a violation of the Migratory Bird Treaty Act, 16 U.S.C. §§ 703 and 707(a). Doc. 1. A violation of this Act is a misdemeanor and carries with it a sentence of up to six months in prison, a $15,000 fine, or both. 16 U.S.C. § 707(a). Defendant was summoned before Magistrate Judge Rozzoni for her initial appearance. Docs. 2, 3. She appeared on September 5, 2023, and was released to the third-party custody of Harold Goodnight. Doc. 10. About thirteen months later, Defendant appeared for her arraignment on the same information. Doc. 12. A bench trial was scheduled for November 20, 2024. Doc. 14.

On October 22, 2024, Defendant moved to dismiss the information for violation of her Sixth Amendment right to a speedy trial, Doc. 15. The magistrate judge denied this motion. Doc. 24. Defendant entered a plea agreement allowing her to appeal the denial of the motion to dismiss. Doc. 31.

Defendant now appeals the ruling. Doc. 34. Defendant does not object to the magistrate judge's factual findings. Doc. 36 at 4.

## DISCUSSION

On appeal, the Court must decide whether the United States violated Defendant's Sixth Amendment right to a speedy trial. The Court concludes that it did not. Accordingly, the Court affirms the judgment below.

### I.    Standard of Review

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B). "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Courts of appeals "review Sixth Amendment speedy trial claims de novo, accepting the district court's factfinding unless clearly erroneous." *United States v. Landa-Arevalo*, 104 F.4th 1246, 1255 (10th Cir. 2024) (citation omitted). Accordingly, the Court reviews the magistrate judge's order de novo, but accepts factual findings unless they are clearly erroneous.

### II.    Analysis

The Speedy Trial clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "A defendant's constitutional speedy-trial right attaches when he is arrested or indicted on

2

federal charges, whichever comes first." *United States v. Banks*, 761 F.3d 1163, 1181–82 (10th Cir. 2014).

"As a threshold for speedy-trial analysis, Defendant must first show that the delay between his arrest and trial is 'presumptively prejudicial.'" *Landa-Arevalo*, 104 F. 4th at 1255–56 (citing *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)). "A delay that 'approaches one year' is presumptively prejudicial." *Id.* at 1256. Here, Defendant's case had been pending for over a year without any movement in the case, Docs. 1, 24 at 1, and therefore is "sufficient to trigger speedy-trial analysis." *Id.*

"To determine whether a defendant's Sixth Amendment right has been violated, the [C]ourt balances four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) whether the delay prejudiced the defendant." *Banks*, 761 F.3d at 1182 (citing *United States v. Larson*, 627 F.3d 1198, 1207 (10th Cir. 2010)) (internal quotations omitted). "None of the factors is itself necessary or sufficient to conclude that the Sixth Amendment speedy trial right has been violated." *Id.* "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* (citing *United States v. Kalady*, 941 F.2d 1090, 1095 (10th Cir. 1991) (internal quotations omitted).

The magistrate judge, after considering and balancing each factor, concluded that Defendant's constitutional right to a speedy trial had not been violated. Doc. 24 at 5. The Court agrees. As a result, the Court affirms the judgment below.

A.  <u>Length of Delay</u>

The length of the delay in this case weighs in Defendant's favor. This factor requires courts to assess "the extent to which the delay stretches beyond the bare minimum needed to trigger

judicial examination of the claim." *United States v. Black*, 830 F.3d 1099, 1111–12 (10th Cir. 2016) (citation and internal quotations omitted). The magistrate judge found the length of delay incurred to be between thirteen and fourteen months. *See* Doc. 24 at 3. While this factor favors Defendant, it does not weigh heavily in her favor: The delay (about fourteen months) exceeds the minimum (around one year) by only a few months at most. *See Landa-Arevalo*, 104 F.4th at 1256 ("[T]he greater the Government's delay, the heavier this factor weighs in Defendant's favor." (citation omitted)); *Doggett v. United States*, 505 U.S. 647, 652 (1992).

    B.  <u>Reason for the Delay</u>

    The reason for delay factor weighs in Defendant's favor because the United States's own conduct caused the delay. *See Landa-Arevalo*, 104 F.4th at 1256. This factor requires courts to assess "why the delay occurred" and "whether the government bears responsibility for the delay." *Id.* "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government." *Barker*, 407 U.S. at 531. "A more neutral reason such as negligence or overcrowded courts," however, "should be weighted less heavily." *Id.*

    While the United States was responsible for the delay, the magistrate court found that "no evidence in the record [established] that the government deliberately attempted to delay the trial." Doc. 24 at 3–4. Rather, the delay is attributable to the United States's poor case management. *See* Doc. 24 at 4 ("[I]t appears that the case was somehow forgotten over the course of the last year."). In short, this factor does not weigh heavily in Defendant's favor because the reason for delay is a neutral one. *See Barker*, 407 U.S. at 531.

C.  Defendant's Assertion of Her Speedy Trial Right

The third factor—Defendant's assertion of her speedy trial right—weighs against her speedy trial claim. *See United States v. Batie*, 433 F.3d 1287, 1291 (10th Cir. 2006) ("Perhaps most important is whether the defendant has actively asserted his right to a speedy trial."). Defendant does not object to the magistrate judge's ruling that this factor weighs against her. Doc. 36 at 5; Doc. 24 at 4.

Courts must assess "whether the defendant has actively asserted his right to a speedy trial." *Black*, 830 F.3d at 1120 (citing *Batie*, 433 F.3d at 1291) (internal quotations omitted); *see also Landa-Arevalo*, 104 F.4th at 1256–57 ("The sooner a defendant raises the speedy trial issue, the more weight this factor lends to his claim." (cleaned up)) (citation omitted). "This is not satisfied merely by moving to dismiss after the delay has already occurred." *Batie*, 433 F.3d at 1291. "The question, instead, is whether the defendant's behavior during the course of litigation evinces a desire to go to trial with dispatch." *Id.* (collecting cases).

Here, Defendant did nothing to demonstrate her desire to go to trial. *See* Doc. 24 at 4 ("Here, just as the government remained silent for the past year, so has [Defendant]."). Indeed, Defendant "filed her motion [to dismiss] . . . fourteen months after the filing of the information." Doc. 24 at 4. The Court agrees with the magistrate judge that Defendant's passivity causes the third factor to weigh in the United States's favor. *See, e.g.*, *Landa-Arevalo*, 104 F.4th at 1257 ("We are not persuaded by Defendant's assertion of his speedy trial right because he 'sat on his hands' for well over a year [441 days] and contributed to the delay in the meantime."); *United States v. Garcia*, 59 F.4th 1059, 1068–69 (10th Cir. 2023); *United States v. Nixon*, 919 F.3d 1265, 1272–73 (10th Cir. 2019).

D. <u>Prejudice Resulting from the Delay</u>

The prejudice factor weighs in the United States's favor. "Defendant bears the burden to show he suffered prejudice because of the delay." *Landa-Arevalo*, 104 F.4th at 1257 (citation omitted). To determine whether Defendant suffered prejudice, the Court must consider "three interests the speedy trial right protects: (1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety or concern; and (3) minimizing the likelihood of impairing the defense." *Id.* (citing *United States v. Toombs*, 574 F.3d 1262, 1275 (10th Cir. 2009)). "The third interest—impairing the defense—is the most serious 'because the inability of a defendant to adequately prepare his case skews the fairness of the entire system.'" *Garcia*, 59 F.4th at 1069 (citing *Toombs*, 574 F.3d at 1179–80).

The Court agrees with the magistrate judge that these interests weigh in the United States's favor. *See* Doc. 24 at 4–5. Defendant was never incarcerated during the delay: While her pre-trial conditions placed "restrictions on travel" and "subject[ed] [her] to the monitoring and requests of her pre-trial services officer," Doc. 36 at 5, it does not invoke the same concerns associated with a lengthy pretrial incarceration. *See Barker*, 407 U.S. at 532–33 (discussing the unique harms associated with a "lengthy pretrial incarceration"). Nor does Defendant explain how the delay hindered her defense. *See Toombs*, 574 F.3d at 1275 ("This is not a situation where, for example, as a result of the delay, the defense no longer had access to certain evidence or could no longer use a witness because that witness died before trial."). And while Defendant asserts that her pretrial conditions caused general anxiety, she does not show "some special harm suffered which distinguishe[s] [her] case." *See United States v. Gould*, 672 F.3d 930, 939 (10th Cir. 2012) (citation and internal quotations omitted); *Larson*, 627 F.3d at 1210–11 ("[The defendant's] generalized and conclusory references to the anxiety and distress that purportedly are intrinsic to incarceration

are not sufficient to demonstrate particularized prejudice . . . ."). Finally, the delay is not sufficient on its own to demonstrate prejudice. *See Nixon*, 919 F.3d at 1273 ("The benchmark for extreme delay is ordinarily six years. Here, though, the delay involved only about fifteen months . . . [s]o we cannot presume prejudice form the delay itself." (citation omitted)).

       E.   <u>Balancing</u>

The Court concludes that, on balance, the factors weigh in favor of the United States, and therefore, there is no Sixth Amendment violation. Though two of the four factors weigh in Defendant's favor, neither factor is weighty. *See supra* sections II.A–B. At the same time, the third—and most important—factor weighs in favor of the United States. *See supra* section II.C And not only does the final factor weigh in favor of the United States, but Defendant is unable to demonstrate that any of the three interests weigh towards a Sixth Amendment violation. *See supra* section II.D; *Nixon*, 919 F.3d at 1278 ("[T]he lack of prejudice is 'nearly fatal' to a claim." (citing *Gould*, 672 F.3d at 939)). Accordingly, the Court agrees that Defendant's constitutional right to a speedy trial has not been violated.

**CONCLUSION**

Accordingly, the Court **AFFIRMS** the denial of Defendant Antunez's motion to dismiss. Doc. 24.

It is **SO ORDERED**.

                              /S/
                          KEA W. RIGGS
                          UNITED STATES DISTRICT JUDGE